## Commonwealth ex rel. Getz, Appellant, *v.* Cavanaugh.

426

Submitted March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Harris S. Pasline,* and *Haber & Corriere,* for appellant.

*Michael E. Riskin,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for appellee.

OPINION BY JACOBS, J., September 21, 1971:

Appellant pleaded guilty, in 1966, to various charges of burglary, larceny, and possession of burglary tools contained in four separate bills of indictment; he was sentenced on July 25, 1966. In 1970, appellant filed a petition for a writ of habeas corpus. Following an evidentiary hearing, the writ of habeas corpus was denied and dismissed.

Appellant's sole contention in this appeal, and the only claim he raised in his hearing before the lower

court, is that he was originally given a two- to four-year concurrent sentence on three of the charges; and, at a later time, without his knowledge, this sentence was modified and increased to a two- to six-year term. If this claim were true, appellant would be entitled to relief under the rule enunciated in *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971), which held that modification of sentence imposed on a criminal defendant which increases the punishment constitutes further or double jeopardy.

Appellant's claim that his sentence was increased was based on his own recollection of the sentence and on the fact that one of his sentencing sheets originally contained the notation that the sentence was for two to four years and that the number six had been superimposed over the figure four. Evidence taken at the habeas corpus hearing proved this latter contention to be true. However, other evidence submitted at the hearing indicated that the original sentence was a two- to six-year sentence. The original shorthand notes of sentencing disclosed that a two- to six-year sentence was imposed; the remainder of the sentence sheets contained the notation two to six years; finally, the printed commitment form of the Bureau of Correction disclosed that a two- to six-year sentence was imposed. Based on this evidence, the lower court held that: (1) the sentence as originally imposed was for a two- to six-year term, and (2) the change on the one sentencing sheet from a "four" to a "six" was merely the correction of an error so that the sentencing sheet would be in conformity with the *official* record of sentencing, *i.e.,* the notes of testimony of sentencing which disclosed precisely what was stated at the time of sentencing.

There is ample evidence to support the lower court's finding that there was no increase in the sentence.

Order affirmed.